UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

```
_____
                               )
KENNETH BLOCK; MODERATE PARTY  )
OF RHODE ISLAND; and MODERATE  )
PARTY OF RI PAC,               )
                               )
          Plaintiffs,          )
                               )
     v.                        )        C.A. No. 09-047 S
                               )
A. RALPH MOLLIS, Secretary of the )
State of Rhode Island, in his  )
official capacity; ROBERT KANDO, )
Executive Director of the Rhode )
Island Board of Elections, in his )
official capacity; and PATRICK )
LYNCH, Attorney General of the )
State of Rhode Island, in his  )
official capacity,             )
                               )
          Defendants.          )
_____)
```

## DECISION AND ORDER

WILLIAM E. SMITH, United States District Judge.

Before the Court is Plaintiffs' Motion for Award of Attorneys'
Fees pursuant to 42 U.S.C. § 1988.  This request comes on the heels
of Plaintiffs' February 3, 2009 action for declaratory and
injunctive relief in which they challenged (successfully, in part)
the constitutionality of a provision of R.I. Gen. Laws § 17-1-2(9),
which prescribes how an organization becomes a political party in
Rhode Island.  Following a sprinkling of pretrial conferences and
motions and brief discovery period, the Court held a consolidated
half day non-jury trial and injunction hearing.  It entered
judgment declaring the January 1 start date for voter signature
collection unconstitutional and enjoining its enforcement.  See

Doc. No. 22; <u>Block v. Mollis</u>, C.A. No. 09-047S, -- F. Supp. 2d --, 2009 WL 1507536 (D.R.I. May. 29, 2009).  Plaintiffs seek fees in the amount of $46,416.50.  Defendants (collectively, the State) maintain the request is excessive, both because the hourly rates are high and because Plaintiffs "only" batted .500.  That is, they missed the ball when it came to Rhode Island's requirement that a prospective party collect signatures equaling 5% of the number of votes cast in the preceding general election, which was upheld as constitutional.  Subject to the modifications explained below, Plaintiffs' motion will be granted.

I.  <u>Discussion</u>

42 U.S.C. § 1988 is an exception to the so-called pay your own way "American Rule."  <u>See Gay Officers Action League v. Puerto Rico</u>, 247 F.3d 288, 293 (1st Cir. 2001).  The Court has discretion to award reasonable attorneys' fees in a civil rights action "unless special circumstances would render such an award unjust." <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 429 (1983) (internal citations omitted).  Fee-shifting in favor of a prevailing plaintiff in the usual case, then, is the norm.

To adjudicate the request, the Court examines whether Plaintiffs are prevailing parties and, if so, whether the compensation sought is reasonable.  <u>See Hensley</u>, 461 U.S. at 433-34; <u>Torres-Rivera v. O'Neill-Cancel</u>, 524 F.3d 331, 336 (1st Cir. 2008).  "Where the plaintiffs have prevailed over more than one

defendant, the court must take an additional step:  it must determine whether the fee award should run jointly and severally against the defendants or, if not, what portion of the award each defendant should bear."  Torres-Rivera, 524 F.3d at 337 (citing Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 959 (1st Cir. 1984)).

A.   Prevailing Parties

There is no question Plaintiffs obtained "prevailing party" status.  See Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 789 (1989) ("[P]laintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit.") (internal citation and quotation omitted).  The January 1 start date issue as to which Plaintiffs received an injunction was a significant, if not central, aspect to their challenge.  It is undisputed they achieved a good deal of the benefit sought.  That they did not prevail in toto as discussed below is relevant, but does not deny a pass through this threshold.  See Hensley, 461 U.S. at 431-33.

B.   Fees Sought

The next question is what fee is reasonable under the lodestar method.  See Bogan v. City of Boston, 489 F.3d 417, 426 (1st Cir. 2007).  This involves a calculation of the hours reasonably expended multiplied by a reasonable hourly rate.  Gay Officers Action League, 247 F.3d at 295.  "In fashioning the lodestar, a

district court may adjust the hours claimed to eliminate time that was unreasonably, unnecessarily, or inefficiently devoted to the case." Torres-Rivera, 524 F.3d at 336.

Counsel's invoice reflects $46,416.50 in fees for legal services on behalf of Plaintiffs, in connection with the American Civil Liberties Union (ACLU). Attached are billing records by two timekeepers from the Providence office of the law firm Edwards Angell Palmer & Dodge LLP (EAPD). One partner reports 77 hours at a rate of $325 per hour, for a total of $25,025. One associate reports 109.70 hours at a rate of $195 per hour, for a total of $21,391.50. Plaintiffs also submit two affidavits. One is from a civil litigator at a different Providence law firm, who based upon his apparent familiarity with prevailing billing rates in Rhode Island avers that the requested hourly rates of $325 (partner) and $195 (associate) are not in excess of rates in the community for matters of similar duration and complexity. The second affidavit is from the EAPD partner who represented Plaintiffs in this case. Having been a member of the Rhode Island bar since 1988 and admitted before this Court since 1989, he affirms the services rendered were necessary, and fees reasonable under Rule 1.5 of the Rules of Professional Conduct.

The total number of hours worked falls within the bounds of reasonableness. There is no issue of insufficient documentation or vague accounting for the time. See Deary v. City of Gloucester, 9

F.3d 191, 197-98 (1st Cir. 1993).  This litigation was short in duration but not substance.  The State defended its statute with vigor, requiring Plaintiffs to respond to a standing argument, pretrial motion for judgment on the pleadings and discovery spat regarding possible Moderate Party candidates.  Staffing this case with a partner and associate (with no paralegal fees requested) seems eminently proper.  Counsel reports having already eliminated duplicative or unnecessary time entries from its records.

Contrary to the State's argument, the record does not support cutting the hours worked in half to account for Plaintiffs' loss with respect to the 5% requirement.  It is true the Court may disallow time spent litigating failed claims.  See Burke v. McDonald, Nos. 07-2691, 07-2692, --- F.3d ---, 2009 WL 2099519, *10-12 (1st Cir. July 17, 2009); Torres-Rivera, 524 F.3d at 336. But the State overlooks a key aspect of this rule applicable here: the principle of interconnectedness.  See Lipsett v. Blanco, 975 F.2d 934, 940-41 (1st Cir. 1992).  Where civil rights claims "involve a common core of facts or [are] based on related legal theories . . . [m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis."  Hensley, 461 U.S. at 435.  Because the 5% issue (by no means a slam dunk for the State) was legally and factually intertwined with the petition start date,

it would impose an impossible demand to require counsel to divide the hours expended on each.

The second half of the lodestar calculus concerning hourly rates, however, does not deserve a stamp of approval. Plaintiffs bear the burden of showing rates "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 895-96 n.11 (1984). The State argues that $325 for a partner and $195 for an associate are excessive for Rhode Island and the nature of the work in this case, and suggests reduction to $250 and $150. In support, the State offers declarations by Rhode Island attorneys (some of whom, like the attorneys representing Plaintiffs, volunteer as participating attorneys with the Rhode Island Affiliate of the ACLU) filed in prior, unrelated federal civil rights and constitutional cases. The declarations collectively reflect a reasonable rate in the range of $250 - $265 for a partner and $135-145 for an associate. See McDonough v. City of Quincy, 353 F. Supp. 2d 179, 187-88 (D. Mass. 2005) ("While prior cases do not necessarily provide precedent regarding the reasonableness of the fees awarded, they nevertheless provide a reflective picture of what is happening in the market.").

The Court agrees the rates counsel submit are above, even if slightly, the norm in the Rhode Island federal court community for this type of litigation. To be sure, "going rates" of $325 and

$195 may well be on par with the comparable large firm national market of which EAPD is a part. But given the length, complexity (or lack thereof) and outcome of this case, the experience of counsel, and the rates generally awarded to attorneys performing civil rights work in the Providence area, the Court is compelled to conclude that the rates fall just above the reasonableness mark. See Porter v. Cabral, No. 04-11395-DPW, 2007 WL 602605, *12-13 (D. Mass. Feb. 21, 2007) (discussing fee awards in civil rights cases in Boston area ranging from $200 to $350 for lead counsel and $100-$175 for assistant counsel). Therefore, the Court will award Plaintiffs fees at the rate of $250 for partner work and $150 for associate.

Finally, mindful that "in the fee-shifting milieu reasonableness is not an absolute but a range," a slight across-the-board reduction is also appropriate. Torres-Rivera, 524 F.3d at 340; see Hensley, 461 U.S. at 434 ("The product of reasonable hours time a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward."). A 5% downward shift is equitable based on a combination of considerations, including the inkling of some duplicative and overlap work in the time records, fairly straightforward nature of the facts and constitutional arguments involved and overall "quantum of success" achieved. Bogan, 489 F.3d at 426 (citing Coutin v. Young & Rubicam P.R.,

Inc., 124 F.3d 331, 337 n.3 (1st Cir. 1997)).   The final
calculation is as follows:

| Timekeeper | Hours | Rate | Total |
|:---:|:---:|:---:|:---:|
| Freel | 77 | $250.00 | $19,250 |
| Coulter | 109.70 | $150.00 | $16,455 |

Total fees: $35,705.00

Less 5% reduction: $1,785.25

Total fee award: $33,919.75.

   C.   Apportionment

   The same Assistant Attorney General represented all
defendants.   No party addresses apportionment but it is without
question preferable.   See Torres-Rivera, 524 F.3d at 337 (noting
there is no uniform prescription as to what portion of award each
defendant should bear, which should be guided by equity and the
"contours and idiosyncrasies of the particular case").   Because of
the declaratory relief awarded, effectuating apportionment using
relative liability is not an option.   Each defendant participated
to the same degree, and the sensible solution is to apportion fees
equally among the three State defendants.

8

II.   Conclusion

    In accordance with the above reasons, the Court GRANTS in part

Plaintiffs' Motion for Fees in the amount of $33,919.75.

ENTER:

IT IS SO ORDERED.

_____
William E. Smith
United States District Judge
Date:   7/21/09